**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**NEW ALBANY DIVISION**

| | | |
|---|---|---|
| In Re: EASTERN LIVESTOCK CO., LLC, | ) | |
| | ) | |
| ALABAMA LIVESTOCK AUCTION, INC., | ) | |
| SEALY AND SONS LIVESTOCK, LLP, | ) | |
| ATHENS STOCKYARD, LLC, | ) | |
| BILLINGSLEY AUCTION SALE, INC., | ) | |
| CARROLL COUNTY LIVESTOCK SALES | ) | |
| BARN, INC., E4 CATTLE CO., LLC, | ) | |
| EDWARD J. EDENS, IV, | ) | |
| MACON STOCKYARDS, INC., | ) | |
| EDWIN A. STRICKLAND, ROBERT | ) | |
| RAWLS doing business as ROBERT RAWLS | ) | Case No. 4:12-cv-00128-TWP-WGH |
| LIVESTOCK,CPC LIVESTOCK, LLC, | ) | |
| | ) | |
| Appellants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES A. KNAUER Chapter 11 Trustee, | ) | |

**ENTRY ON MOTION TO DISMISS**

This matter is before the Court on James A. Knauer's ("Mr. Knauer" or "Trustee") Motion to Dismiss the appeals of Alabama Livestock Auction, Inc., Sealy and Son's Livestock LLP, Athens Stockyard, LLC, Billingsley Auction Sale, Inc., Carroll County Livestock Sales Barn, Inc., E4 Cattle Co., LLC, Edward J. Edens, IV, Macon Stockyards, Inc., Edwin A. Strickland, Macon Stockyard, Inc. [sic],[1] and Robert Rawls d/b/a Robert Rawls Livestock ("the Appellants")[2] (Dkt. 30). The Appellants filed this appeal of the order of the Bankruptcy Court denying the motions to remove the Trustee filed by Alton Darnell, East Tennessee Livestock Center, Inc., Piedmont Livestock, Inc., Southeast Livestock Exchange, LLC, Moseley Cattle

---

[1] There does not appear to be a separate Macon Stockyard, Inc. listed as a party. CPC Livestock, LLC, another party to this appeal, was not included in the Trustee's Motion to Dismiss.

[2] CPC Livestock, LLC, another party to this appeal, was not included in the Trustee's Motion to Dismiss.

Auction, LLC, Bluegrass Maysville Stockyards, LLC, Bluegrass South Livestock Market, LLC, Bluegrass Stockyards East, LLC, Bluegrass Stockyards of Campbellsville, LLC, Bluegrass Stockyards of Richmond, LLC, Bluegrass Stockyards, LLC,[3] and First Bank and Trust Company.  For the reasons set forth below, the Trustee's motion is **GRANTED**.

## I.   BACKGROUND

The underlying Chapter 11 bankruptcy case arises from an involuntary petition filed in December 2010 against Eastern Livestock Co., LLC ("Eastern Livestock").  Eastern Livestock was a cattle dealer headquartered in New Albany, Indiana.  The petition was filed after Eastern Livestock's principal owner and CEO, as well as other officers, pled guilty and were convicted of crimes, including theft, in connection with a check-kiting scheme and other actions.

The Bankruptcy Court appointed James A. Knauer as trustee shortly after the involuntary petition was filed.  Mr. Knauer is a lawyer and partner in the Indianapolis law firm Kroger, Gardis & Regas, LLP ("KGR"), and has previously served as a bankruptcy trustee in prior proceedings in the Southern District of Indiana.

Eastern Livestock's principal lender was Fifth Third Bank ("Fifth Third"), which provided a revolving line of credit evidenced by a promissory note and secured pursuant to a security agreement and other loan documents, giving Fifth Third a security interest in generally all of Eastern Livestock's assets.  Wells Fargo Business Credit, Inc. ("Wells Fargo BC") entered into a participation agreement with Fifth Third by which Wells Fargo BC obtained an undivided fractional participation interest in Fifth Third's loan to Eastern Livestock, capped at $10 million.

---

[3] Alton Darnell, East Tennessee Livestock Center, Inc., Piedmont Livestock, Inc., Southeast Livestock Exchange, LLC, Moseley Cattle Auction, LLC, Bluegrass Maysville Stockyards, LLC, Bluegrass South Livestock Market, LLC, Bluegrass Stockyards East, LLC, Bluegrass Stockyards of Campbellsville, LLC, Bluegrass Stockyards of Richmond, LLC, and Bluegrass Stockyards, LLC separately filed an appeal with this Court.  No. 4:12-cv-00126-TWP-WGH.  Bluegrass Maysville Stockyards, LLC, Bluegrass South Livestock Market, LLC, Bluegrass Stockyards East, LLC, Bluegrass Stockyards of Campbellsville, LLC, Bluegrass Stockyards of Richmond, LLC, Bluegrass Stockyards, LLC, and the Trustee filed a stipulated motion for dismissal which was granted by the Court on June 24, 2013.  No. 4:12-cv-00126-TWP-WGH, Dkt. 47.

As outlined in the loan documents, the participant has no direct claim against Eastern Livestock, no interest in the collateral, and no authority over administering or managing the loan.  The participation agreement explicitly states that the participant has no standing in any bankruptcy proceeding in which Eastern Livestock is the debtor, nor does it have the right to assert any claim against Eastern Livestock or enforce any lien rights against the collateral.

In his application to be appointed trustee, Mr. Knauer disclosed that his law firm then represented Fifth Third in five open matters, but that none related to Eastern Livestock or the Chapter 11 case.  Mr. Knauer obtained consent and a conflict waiver from Fifth Third authorizing him to serve as trustee, notwithstanding the past and existing representation of Fifth Third by KGR.  The conflict waiver permitted Mr. Knauer to be adverse to Fifth Third and to commence actions against Fifth Third on behalf of the bankruptcy estate.

Mr. Knauer submitted an Affidavit of Disinterest with his trustee application, stating he had no connections with any debtors, creditors, or other parties in interest other than those disclosed on the affidavit.  On December 27, 2010, the day the Bankruptcy Court approved the appointment of Mr. Knauer as trustee, he became aware that Wells Fargo BC or another affiliate of Wells Fargo & Company was a participant in the Fifth Third loan (the "Wells Participant").[4] Mr. Knauer and his law firm were representing Wells Fargo Bank NA in a Chapter 11 case then pending in the Bankruptcy Court, and in related litigation pending in the District Court.  Other than that representation, Mr. Knauer has not represented any Wells Fargo entity for the previous three years.  Mr. Knauer did not believe that there was any conflict between the Wells Participant in the Fifth Third loan and KGR's representation of Wells Fargo because he concluded that the

---

[4] Wells Fargo BC is identified as the owner of the participation in the participation agreement.  At some point, Wells Fargo BC was either merged into another Wells Fargo entity or the participation was assigned or sold to another Wells Fargo affiliate.

participant in the loan was not a party in interest or creditor in the Eastern Livestock Chapter 11 case based upon the terms of the participation agreement.  Nevertheless, Mr. Knauer obtained a conflict waiver through Wells Fargo's conflict counsel allowing him to become directly adverse to any Wells Participant in the Fifth Third loan.[5]  Mr. Knauer did advise the Bankruptcy Court of KGR's relationship with Wells Fargo, but the Affidavit of Disinterest does not mention Wells Fargo or the Wells Participant.  No Wells Fargo entity has asserted any proof of claim, nor does the Fifth Third proof of claim purport to assert any claim on behalf of the Wells Participant.  No lawyer has filed a formal appearance in the Chapter 11 case on behalf of the Wells Participant or any Wells Fargo entity.

On July 10, 2012, Alton Darnell, East Tennessee Livestock Center, Inc., Piedmont Livestock, Inc., Southeast Livestock Exchange, LLC, Moseley Cattle Auction, LLC, Bluegrass Maysville Stockyards, LLC, Bluegrass South Livestock Market, LLC, Bluegrass Stockyards East, LLC, Bluegrass Stockyards of Campbellsville, LLC, Bluegrass Stockyards of Richmond, LLC, and Bluegrass Stockyards, LLC moved to remove the Trustee pursuant to 11 U.S.C. § 324 (the "Bluegrass motion").  First Bank and Trust Company filed a similar motion the same day (the "First Bank motion").  The motions asserted three bases for removal of the Trustee, including 1) failure to disclose KGR's representation of Wells Fargo; 2) the Trustee is not disinterested because of KGR's representation of Wells Fargo; and 3) the Trustee has done something wrong or has wrongly engendered animosity or "discord" among Eastern Livestock's creditors which will interfere with the appropriate resolution of the Chapter 11 case.  Dkt. 8-18 at 9.  Appellants did not file a separate motion, nor did they join the Bluegrass motion or the First Bank motion.

---

[5] The conflict waiver is not specific to any particular Wells Fargo entity or affiliate.  Wells Fargo's company policy requires such ambiguity in conflict waivers executed for the benefit of its outside counsel, as are dozens, if not hundreds, of subsidiaries and affiliates of Wells Fargo & Company.  Dkt. 8-18 at 5 n.4.

The Bankruptcy Court held a hearing on August 20, 2012, and denied the Bluegrass and First Bank motions in a ruling issued on August 31, 2012.  (Dkt. 8-18).  The Bankruptcy Court found that relief was not warranted based upon the record of the case because the Trustee's representation of Fifth Third was fully disclosed, the Trustee is disinterested as defined in 11 U.S.C. §101(14), and the Trustee has no connection with Eastern Livestock and holds no interest adverse to the estate or any class of creditor or security holders.  The Bankruptcy Court also concluded that the Trustee was not constrained from bringing any action against Fifth Third or the Wells Participant if he deemed it proper to do so.  The Bankruptcy Court indicated its view that a secondary participant in a loan, such as Wells Fargo BC or its assignee, is neither a creditor nor a party in interest in a bankruptcy case, so the Trustee had no duty to disclose his past representation of an affiliated Wells Fargo entity.  The Bankruptcy Court also noted the advanced posture of the case, including a potentially impending distribution to unsecured creditors, and noted that granting the motion to remove the Trustee would delay the opportunity for creditors to consider and vote on a Chapter 11 plan, and ultimately the distribution of the assets to the creditors.

## II.   LEGAL STANDARD

"The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees; . . . and . . . with leave of the court, from other interlocutory orders and decrees . . . of bankruptcy judges entered in cases."  28 U.S.C. § 158(a).  Final orders subject to 28 U.S.C. § 158(a)(1) are immediately appealable as a matter of right, while interlocutory orders subject to 28 U.S.C. § 158(a)(3) may only be appealed with leave of the district court.  "The distinction between appeals from final orders and interlocutory orders is important, as interlocutory appeals are granted at the discretion of the district court and are not a

right of the appellant." *Dempsey v. McCarthy*, No. 09 C 7949, 2010 WL 918083, at *1 (N.D. Ill. Mar. 10, 2010) (citing *In re Huff*, 61 B.R. 678, 682 (N.D. Ill. 1986)).   Certification by the bankruptcy court is not required for the district court to have jurisdiction over the bankruptcy court's rulings under 28 U.S.C. § 158(a)(3).   *In re Jartran, Inc.*, 886 F.2d 859, 866 (7th Cir. 1989).   "Interlocutory appeals are to be granted sparingly for exceptional circumstances where a review can materially advance the litigation."   *Dempsey*, 2010 WL 918083, at *3 (citations omitted).

### III.  <u>DISCUSSION</u>

The Trustee argues that the Appellants lack standing to appeal the order denying the motion to remove the Trustee, asserting that the Appellants are not "persons aggrieved" because they did not join in the motions to remove the Trustee filed in the Bankruptcy Court.   "Only a 'person aggrieved' has standing to appeal an order of the bankruptcy court."   *In re Ray*, 597 F.3d 871, 874 (7th Cir. 2010) (quoting *In re Schultz Mfg. & Fabricating Co.*, 956 F.2d 686, 690 (7th Cir. 1992)) (additional citations omitted).   Prerequisites for being a "person aggrieved" are attendance and objection at a bankruptcy court proceeding.   *Id.*   If a party fails to appear at a hearing or object to a motion or proceeding, it cannot expect the issue raised by the motion or proceeding to be addressed for a second time.   *Id.*   This requirement is excused only if the now objecting party did not receive proper notice of the proceedings below and of his opportunity to object to the action proposed to be taken.   *Id.*

Appellants were not parties to the original motions to remove the Trustee, nor did they file a request to join the motions before the hearing or make an oral request at the hearing.   The Appellants argue that the failure to file a written objection is not fatal to the issue of standing, as counsel for the Appellants participated in the hearing in support of counsel for First Bank and

Trust Co., and assert that this is sufficient to satisfy the aggrieved party standard under *Schultz*. However, *Schultz* does not support the Appellants' argument, as the Seventh Circuit found in that case that the appellants lacked standing to appeal a sale order because they failed to attend the hearing set for the matter by the bankruptcy court, and thus did not satisfy the requirements for being "persons aggrieved."  956 F.2d at 691.

Likewise, in this case, there is no indication in the Bankruptcy Court record that the Appellants specifically joined in either the Bluegrass motion (Dkt. 7-16) or First Bank motion (Dkt. 7-18), nor does the Bankruptcy Court order denying the motions to remove the Trustee (Dkt. 8-18) refer to any of the Appellants as parties to the motions.  Appellants themselves do not even argue that they joined either motion or filed their own motion to remove the Trustee, nor do they argue that they did not receive notice of the proceedings.  The fact that counsel for Appellants may have participated in the omnibus hearing at which the motions to remove the Trustee was but one of 28 motions heard at the hearing is not sufficient to confer standing as "persons aggrieved" due to the Appellants' failure to specifically join in the motions to remove the Trustee.  Appearance *and* objection are both required for an appellant to be considered a "person aggrieved" in order to have standing to appeal a Bankruptcy Court order, not just a general appearance at the hearing.  Therefore, the Court finds that the Appellants are not "persons aggrieved" by the order denying the motions to remove the Trustee, and therefore lack standing for this appeal.

## IV.  **CONCLUSION**

For the reasons set forth above, the Court finds that the Appellants lack standing for this appeal, and therefore the Trustee's Motion to Dismiss (Dkt. 30) is **GRANTED** and the Appellants' appeal is **DISMISSED**.

**SO ORDERED**.

Date: 08/20/2013

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Wendy Wright Ponader
FAEGRE BAKER DANIELS LLP
wendy.ponader@faegrebd.com

Dustin R. DeNeal
FAEGRE BAKER DANIELS LLP -
Indianapolis
dustin.deneal@faegrebd.com

Harmony A. Mappes
FAEGRE BAKER DANIELS LLP -
Indianapolis
harmony.mappes@faegrebd.com

Jon  Laramore
FAEGRE BAKER DANIELS LLP -
Indianapolis
jon.laramore@faegrebd.com

Kevin Morris Toner
FAEGRE BAKER DANIELS LLP -
Indianapolis
kevin.toner@faegrebd.com

Terry Elizabeth Hall
FAEGRE BAKER DANIELS LLP -
Indianapolis
terry.hall@faegrebd.com

John David Hoover
HOOVER HULL LLP
jdhoover@hooverhull.com

Sean T. White
HOOVER HULL LLP
swhite@hooverhull.com

W. Scott Newbern, III
W. SCOTT NEWBERN, PL
wsnewbern@msn.com